UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RANDOLPH D. CAPPE and FRANCINE T. CAPPE,

                            Plaintiffs,

          -v-

ASSOCIATED BLIND HDFC/SELIS MANOR et al.,

                            Defendants.

------------------------------------------------------------X

15 Civ. 7096 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/16

PAUL A. ENGELMAYER, District Judge:

Before the Court is the November 9, 2015 Report and Recommendation of the Hon. Andrew J. Peck, United States Magistrate Judge, recommending that the Court dismiss this case without prejudice for lack of subject matter jurisdiction. Dkt. 19 ("Report"). For the following reasons, the Court adopts the Report in full.

I. **Background**

*Pro se* plaintiffs, disabled tenants at Selis Manor, a residence for the visually impaired in New York City, filed a Complaint on September 9, 2015, alleging various landlord-tenant problems. Dkt. 3 ("Compl."). The Complaint alleged, *inter alia*, that defendants—mostly employees of Selis Manor—were disregarding the terms of settlement agreements reached in prior cases brought by Selis Manor tenants, 13 Civ. 6151 (PAE) (AJP) and 14 Civ. 7591 (PAE). The Cappes were not parties to those prior cases.

On September 22, 2015, the Court referred this case to Judge Peck for general pretrial supervision. Dkt. 8. On October 2, 2015, Judge Peck issued an Order to Show Cause directing plaintiffs to file a written affirmation within 30 days stating why the action should not be dismissed without prejudice for lack of subject matter jurisdiction. Dkt. 10 ("OTSC"). Judge

Peck noted that, because the Cappes were not parties to the settlement agreements in the earlier cases, the Court does not have ancillary jurisdiction. *Id.* at 2. And, although the Complaint formally asserted federal jurisdiction on the basis of the Americans with Disabilities Act and the Fair Housing Act, *see* Compl. at 3, it made no allegations in support of any federal claims. OTSC at 3–5.

Plaintiffs did not respond to the Order to Show Cause, but, in the related case of 15 Civ. 7298 (PAE) (AJP), the plaintiffs—other concerned tenants at Selis Manor—responded to a similar Order to Show Cause by filing a letter indicating that they intended to bring all the concerned tenants "together in one case," presumably in state court. Dkt. 16. That case was accordingly dismissed without prejudice on October 21, 2015. Dkt. 17.

On November 9, 2015, Judge Peck issued the Report, recommending that the case be dismissed without prejudice for lack of subject matter jurisdiction. Report at 1. The deadline for the parties to file objections to the Report was November 23, 2015. *Id.* To date, no objections have been filed.

## II.     Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no objections have been filed, review for clear error is appropriate. Because the Report explicitly states that "[f]ailure to file objections will result in a waiver of those objections for purposes of appeal," Report at 1–2, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

Careful review of Judge Peck's Report reveals no clear error in its conclusions; the Report is therefore adopted in its entirety.

## CONCLUSION

For the reasons articulated in the Report, the Court dismisses this case without prejudice for lack of subject matter jurisdiction.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: March 4, 2016
New York, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
RANDOLPH CAPPE, et al.,

              Plaintiffs,

     -against-

ASSOCIATED BLIND HDFC/SELIS MANOR, et al.,

             Defendants.
------------------------------------- X

15 Civ. 7096 (PAE)(AJP)

**REPORT AND RECOMMENDATION**

**ANDREW J. PECK, United States Magistrate Judge:**

       By order dated October 2, 2015, I directed plaintiffs to show cause by November 2, 2015 why the case should not be dismissed for lack of federal jurisdiction. (Dkt. No. 10.) Plaintiffs have not responded, but plaintiffs in the related case of 15 Civ. 7298 asked the Court to dismiss their case so that multiple tenants could proceed in state court. (15 Crim. 7298, Dkt. No. 16-17.)

       Accordingly, for the reasons stated above and in the Court's October 2 Order, the case should be dismissed without prejudice for lack of jurisdiction.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, 500 Pearl Street, Room 2201, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Engelmayer (with a courtesy copy to my chambers). Failure to file objections will result in a waiver

of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v. Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

SO ORDERED.

Dated:   New York, New York
         November 9, 2015

*Andrew J. Peck*
United States Magistrate Judge

Copies to:   Francine T. Cappe & Randolph Cappe (reg. & cert. mail)
             Counsel (ECF)
             Judge Engelmayer